UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KIEL J. STURM,<br><br>          Plaintiff,<br>   v.<br><br>THE WORLD, et al.,<br><br>          Defendants. | Case No.: 11-CV-00236-LHK<br><br>ORDER DENYING EX PARTE MOTION FOR TEMPORARY PROTECTIVE ORDER; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On January 14, 2011, Plaintiff Kiel Sturm filed a Complaint for Alien Tort against the World, the State of California, and 7 billion Doe Defendants. Plaintiff also filed an Ex Parte Motion for a Temporary Protective Order that identifies Does 1 through 6 as the Mountain View Police Department, the Sunnyvale Police Department, the Santa Clara Police Department, LexisNexis, the California Highway Patrol, and the Superior Court of the State of California. In addition, Plaintiff filed an application to proceed in forma pauperis. For the reasons discussed below, Plaintiff's ex parte motion for a temporary protective order is denied; his motion to proceed *in forma pauperis* is granted; and Plaintiff's Complaint is dismissed, with leave to amend, pursuant to the screening required for cases filed *in forma pauperis*. **If Plaintiff wishes to pursue his claims in this Court, he must file an amended complaint within 30 days of this Order.**

///

///

1

Case No.: 11-CV-00236-LHK
ORDER DENYING EX PARTE MOTION FOR TEMPORARY PROTECTIVE ORDER; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND

**I.    Motion for Temporary Protective Order**

Plaintiff requests an Ex Parte Motion for Temporary Protective Order prohibiting Defendants from being mean to Plaintiff; enjoining Defendant State of California from undertaking any financial activity; prohibiting Defendants from transferring assets exceeding $10,000 per day out of the country; and prohibiting a server from responding to requests for records for the domain name GOP.GOV. Pl.'s Ex Parte Mot. for Temporary Protective Order ("Pl.'s Mot.") 2, Dkt. No. 2. Because Plaintiff seeks temporary injunctive relief, the Court construes his motion as a request for a Temporary Restraining Order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b).

It is unclear whether Plaintiff has given notice of his motion to the Defendants identified in the motion. Although Plaintiff states that he provided notice to Defendants by email, he has provided no proof of this service. Assuming, however, that Plaintiff has provided the notice required under Rule 65(b), he must still make a clear showing that he is entitled to relief. *See Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits of his claims; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The Ninth Circuit has also indicated that a preliminary injunction may issue in cases where the plaintiff shows (1) serious questions going to the merits; (2) a hardship balance that tips sharply towards the plaintiff; (3) a likelihood of irreparable injury; and (4) that the injunction is in the public interest. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1053 (9th Cir. 2010).

Plaintiff has not shown an entitlement to relief under either of these standards. First, the Court finds it very difficult to evaluate the merits of Plaintiff's claims due to the vagueness of

2

Case No.: 11-CV-00236-LHK
ORDER DENYING EX PARTE MOTION FOR TEMPORARY PROTECTIVE ORDER; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND

1   Plaintiff's motion and complaint.  Plaintiff's complaint states only that "DEFENDANT THE
2   WORLD is a horrible place to live and do business," and "DEFENDANT STATE OF
3   CALIFORNIA is a rogue state."  Compl. ¶ 4.  Plaintiff's motion alleges, in addition, that various
4   law enforcement entities issued him traffic citations, drafted a phony police report that was then
5   sold to LexisNexis, and made three harassing phone calls to Plaintiff's cell phone and temporary
6   residence.  Pl.'s Mot. 1-2.  Plaintiff also claims in his motion that Superior Court clerks prevented
7   the state court from hearing his request for a Temporary Protective Order.  *Id.*  A number of these
8   claims are clearly not viable.  The World is not a person or entity that can be sued; claims against
9   the State of California are likely barred by the Eleventh Amendment, *see Edelman v. Jordan*, 415
10  U.S. 651, 662-63 (1974); and this Court is not the proper place to appeal traffic citations.  To the
11  extent that Plaintiff's claims against the police and the Superior Court might be construed as civil
12  rights claims, Plaintiff has not pled sufficient facts to raise serious questions going to the merits of
13  these claims.  It is also unclear how these claims would be remedied by the injunctive relief
14  Plaintiff seeks.
15         As to the other three factors required for a TRO, Plaintiff has not attempted to show that he
16  is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities
17  tips in his favor, or that an injunction is in the public interest.  Accordingly, based on the
18  Complaint, Plaintiff's motion, and the "ad hoc evidence" submitted, the Court concludes that
19  Plaintiff is not entitled to temporary injunctive relief.  The Court therefore DENIES Plaintiff's
20  request for a temporary protective order.
21         **II. Application to Proceed *In Forma Pauperis* and Screening of Plaintiff's Complaint**
22         Plaintiff also applies to proceed *in forma pauperis*.  Pursuant to 28 U.S.C § 1915(a)(1), the
23  Court may authorize a litigant to proceed without prepayment of fees if the litigant submits an
24  affidavit demonstrating that he is unable to pay them.  Plaintiff's application indicates that although
25  he received a substantial salary as recently as April 2010, he has now been unemployed for
26  approximately eight months and has no income.  He states that he currently has virtually no money
27  in his bank account, and his only asset is his car, on which he owes $1,407.  Plaintiff does not list
28

United States District Court
For the Northern District of California

his monthly expenses, and it appears, based on evidence submitted with his motion, that Plaintiff may currently reside with his grandparents. *See* Ad Hoc Evidence in Support of Mot. for Temporary Protective Order Prohibiting Meanies ("Ad Hoc Evidence"), Dkt. No. 3, Ex. 12. Even if Plaintiff has minimal living expenses, however, the Court does not believe that Plaintiff should be required to sell his only asset and means of transportation in order to access the courts. Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the inquiry, however. The court is also required to screen complaints brought by parties proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27, 1129 (9th Cir. 2000). Under the *in forma pauperis* statute, the Court must dismiss the case if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). If it appears at all possible that the Plaintiff can correct the defect, however, leave to amend should be granted. *Lopez*, 203 F.3d at 1129.

In this case, Plaintiff's Complaint itself is a frivolous pleading that the Court is obliged to dismiss. The Complaint is styled as a Complaint for Alien Tort, and thus presumably brought under the Alien Tort Claims Act, which permits aliens to bring suit in district court for torts committed in violation of the law of nations or a treaty of the United States. 28 U.S.C. § 1350. However, as Plaintiff has submitted a copy of his United States passport, Ad Hoc Evidence Ex. 2, it appears that he is not an alien and therefore cannot sue in Alien Tort. *Serra v. Lappin*, 600 F.3d 1191, 1198 (9th Cir. 2010) ("The ATS admits no cause of action by non-aliens."). In addition, as noted above, the Complaint states only that "DEFENDANT THE WORLD is a horrible place to live and do business," and "DEFENDANT STATE OF CALIFORNIA is a rogue state." Compl. ¶ 4. Aside from this identification of the Defendants, the Complaint is devoid of factual allegations, and sets forth a statement of purpose in lieu of any legal claims. Plaintiff's purpose of legitimizing civil rights in the information age, setting a good example for the World, and

4

Case No.: 11-CV-00236-LHK
ORDER DENYING EX PARTE MOTION FOR TEMPORARY PROTECTIVE ORDER; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND

1  advancing society, Compl. ¶ 5, is not a cognizable cause of action. For all of these reasons,

2  Plaintiff's Complaint lacks an arguable basis in law and fact, and must be dismissed as frivolous.

3  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

4  Because Plaintiff is proceeding *pro se*, the Court will construe the allegations in his motion

5  for a temporary protective order as a supplement to the Complaint. As discussed above, a number

6  of the claims in Plaintiff's motion are clearly not cognizable, but it is conceivable that some of

7  Plaintiff's complaints against the police might form the basis for a federal claim. In order to

8  proceed with such claims, however, Plaintiff must present them in a Complaint that conforms to

9  the pleading requirements of Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a pleading

10 must contain a short and plain statement of the claim showing that the pleader is entitled to relief.

11 While detailed factual allegations are not necessary, Plaintiff must include enough facts to show

12 that it is plausible that Defendants acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

13 (2009). In Plaintiff's current Complaint and motion, the facts and allegations are too vague for the

14 Court to determine exactly what wrongful conduct is alleged and what federal laws or

15 constitutional provisions Plaintiff believes have been violated. Accordingly, Plaintiff's pleadings

16 do not meet the requirements of Rule 8 and must be dismissed for failure to state a claim.

17 Because it is possible that Plaintiff can cure the defects in his pleadings, the Court grants

18 leave to file an amended Complaint. However, the Court advises Plaintiff that Defendant the

19 World is not a proper defendant, and Defendant State of California and any of its agencies will

20 mostly likely be immune from any claims Plaintiff seeks to bring. Thus, if Plaintiff chooses to file

21 an amended Complaint, he should name only individuals, corporate entities, and the city or county

22 police departments as Defendants, and he should state with specificity the claims against them.

23 **III. Conclusion**

24 For the reasons discussed above, the Court hereby ORDERS as follows:

25    (1) Plaintiff's Motion for Temporary Protective Order is DENIED.

26    (2) Plaintiff's Motion to Proceed *In Forma Pauperis* is GRANTED.

27    (3) Plaintiff's Complaint is DISMISSED with leave to amend.

28

5

Case No.: 11-CV-00236-LHK
ORDER DENYING EX PARTE MOTION FOR TEMPORARY PROTECTIVE ORDER; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND

If Plaintiff wishes to pursue his claims in this Court, he must file an amended complaint within 30 days of the date of this Order.  **If Plaintiff fails to file an amended complaint within 30 days, his case will be dismissed with prejudice.**

**IT IS SO ORDERED.**

Dated: January 21, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-00236-LHK
ORDER DENYING EX PARTE MOTION FOR TEMPORARY PROTECTIVE ORDER; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND