UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KIEL J. STURM, ) | Case No.: 11-CV-00236-LHK |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION TO SEAL; |
| v. ) | DENYING MOTION FOR LEAVE TO |
| ) | AMEND |
| THE WORLD, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

On March 4, 2010, the Court issued an order dismissing this case with prejudice. Plaintiff now moves to seal the case file and for leave to amend his Complaint to continue this case as an action to litigate a Freedom of Information Act request sent to NASA. For the reasons discussed below, the Court denies both motions.

**I.  Motion for Leave to Amend**

On January 14, 2011, Plaintiff Kiel Sturm filed a Complaint for Alien Tort against the World, the State of California, and 7 billion Doe Defendants. *See* Compl. On January 21, 2011, the Court dismissed Plaintiff's Complaint pursuant to the screening provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), and granted Plaintiff 30 days in which to file an amended complaint. *See* Order Denying Ex Parte Application for Temporary Protective Order; Granting Motion for Leave to Proceed *In Forma Pauperis*; and Dismissing Complaint with Leave to Amend, ECF No. 10.  After Plaintiff failed to file an amended complaint within 30 days, the Court

1

1   dismissed the action with prejudice.  *See* Order Dismissing Case, ECF No. 17.  As a result, this
2   case has been closed since March 4, 2011.
3       On April 28, 2011, Plaintiff filed a motion requesting leave to amend the Complaint in this
4   case to "use the case title, case number, IFP standing and free PACER access to continue as
5   enforcement of a Freedom of Information Act 5 USC § 552 request sent to NASA."  Ex Parte Mot.
6   for a Protective Order Sealing the Case Files; For an Order Granting Leave to Amend ("Ex Parte
7   Mot.") at 1, ECF No. 19.  Plaintiff asserts that the "non-entity THE WORLD makes an appropriate
8   co-defendant with this new purpose."  *Id.*  However, the Complaint in this action contains no
9   mention of a FOIA request and appears to be entirely unrelated to the FOIA action Plaintiff now
10  seeks to bring.  Moreover, contrary to Plaintiff's assertion, the only proper defendant in a FOIA
11  action is the federal agency that has improperly withheld agency records.  *See Laughlin v. C.I.R.*,
12  117 F. Supp. 2d 997, 1000 (S.D. Cal. 2000) (concluding that the only proper defendants in FOIA
13  actions are federal departments and agencies).  Finally, this case was dismissed with prejudice and
14  has been closed for nearly two months.  Plaintiff has not presented any grounds justifying relief
15  from the Court's order of dismissal and reopening of this case.  *See* Fed. R. Civ. Pro. 60(b).
16  Accordingly, Plaintiff's motion for leave to amend is DENIED.

17  **II.  Motion to Seal**

18      In his ex parte motion, and in a letter filed with the Court on April 18, 2011, Plaintiff also
19  requests that the Court seal the documents filed in this case.  Plaintiff explains that he was having a
20  "mental health moment" when he filed this case and states that some of the documents filed have
21  attracted unwanted attention.  While the Court is sympathetic to Plaintiff's situation, the Court
22  finds that Plaintiff has not made the showing required to seal the public documents filed in this
23  action.
24      There is a strong presumption in favor of public access to court records.  *Foltz v. State*
25  *Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  Generally, that presumption may
26  be overcome, and court records may be sealed, only upon a showing of "compelling reasons
27  supported by specific factual findings that outweigh the general history of access and the public
28

policies favoring disclosure."[1]  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (quotation marks and citation omitted).  Under the compelling reasons standard, it is not enough to show that the records "may lead to a litigant's embarrassment, incrimination, or exposure to further litigation."  *Id.* at 1179.  Rather, the party must articulate specific facts showing something more than good cause for secrecy, such as a likelihood that the information will "become a vehicle for improper purposes."  *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  In this case, although Plaintiff suggests that the court documents he filed may lead to embarrassment or unwanted attention, he has not articulated specific facts showing that the documents contain sensitive personal information or are likely to become a vehicle for libel or any other improper purpose.  *See id.*  Rather, Plaintiff simply wishes to "cover up" his own errors in judgment in filing some of the documents in this case.  Ex Parte Mot. at 1.  Again, while the Court is sympathetic to Plaintiff's situation, the desire to cover up such errors in judgment is not sufficient to overcome the strong presumption of public access to court documents.  Accordingly, Plaintiff's motion to seal the case file is DENIED.

### III. Conclusion

For the foregoing reasons, Plaintiff's motions for leave to amend and to seal the case file are DENIED.  As this action has been dismissed with prejudice, Plaintiff is instructed not to file any further motions or requests in this case.

**IT IS SO ORDERED.**

Dated: May 3, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] The Ninth Circuit applies a "good cause" standard to sealed discovery documents attached to non-dispositive motions.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1179-80.  That standard is inapplicable here, however, as the documents filed in this case do not involve sealed discovery documents and are attached to Plaintiff's Complaint and motion for temporary restraining order.  *See Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-CV-1553 L(NLS), 2009 WL 2224596, at *6 (S.D. Cal. July 23, 2009) (concluding that a TRO is a dispositive motion for purposes of sealing documents because it directly addresses the merits of an action).